IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHY P. VARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1541 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Pending before this Court are Cathy P. Varner's ("Varner") Objections to the Memorandum and Recommendation of the United States Magistrate Judge [Doc. # 23]. Varner challenges the findings and conclusions in the Memorandum and Recommendation [Doc. # 20] entered by Magistrate Judge Calvin Botley on July 17, 2007, recommending that Varner be denied summary judgment [Doc. # 13], that Defendant Commissioner of the Social Security Administration Michael J. Astrue ("Commissioner") be granted summary judgment [Doc. # 15], and that the Commissioner's decision denying Varner disability income benefits be affirmed.

Varner's Objections are deemed timely filed. *See* 28 U.S.C. § 636(b)(1). The district court must make a "*de novo* determination of the objections" raised by the

parties. *See, e.g., Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has reviewed the Memorandum and Recommendation and Varner's Objections, as well as made a *de novo* review of the Memorandum and Recommendation and specified proposed findings or recommendations to which objection is made. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991).[1] For the reasons set forth below, the Court does not concur with the Memorandum and Recommendation of the Magistrate Judge and concludes that Varner's objections should be sustained.

The Court's review of the administrative determinations is narrowly prescribed. When reviewing the decision of the Commissioner, this Court is limited to determining whether there was substantial evidence in the record as a whole to support the Administrative Law Judge's ("ALJ's") decision that the claimant is not under a disability and whether the proper legal standards were applied to evaluate the evidence.

---

[1] "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

*See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). This Court cannot reweigh the evidence or substitute its judgment for the administrative fact finder's judgments. *See Masterson*, 309 F.3d at 272; *Martinez*, 64 F.3d at 174; *Villa*, 895 F.2d at 1022.

Although the factual record ultimately may well support the Commissioner's ultimate decision, the Commissioner's decision is procedurally flawed. The ALJ failed to apply the proper standard of severity regarding Varner's claimed obesity. "In *Stone v. Heckler*, the Fifth Circuit interpreted the term 'severe' found in 20 C.F.R. § 404.1520(c) and determined that an impairment is considered not severe only if it is a slight abnormality that has such a minimal effect on the individual that it would not be expected to interfere with an individual's ability to work." *Robinson v. Barnhart*, 183 Fed. Appx. 451, 455 (5th Cir. 2006) (internal citations omitted). In this case, the ALJ, stated the following:

> The medical evidence indicates that the claimant has chronic back pain, coronary artery disease and diabetes mellitus, impairments that are "severe" within the meaning of the Regulations since they impose more than a slight limitation on her ability to perform basic work related activities.

(R. 16). Although the ALJ did not ignore Varner's obesity in questioning witnesses at the hearing (*see* R. 284, 300; Memorandum and Recommendation [Doc. # 20], at pp.

3

15-17), ) and implicitly appears to refer the "slight" abnormality language in *Stone* (R. 16), the ALJ failed to set forth an express statement in his decision regarding the standard he applied. Relatedly, the ALJ did not make specific findings at Step 2 of the sequential evaluation process regarding Varner's obesity. Thus, remand is appropriate for the ALJ to make express findings as to: the severity of Varner's alleged obesity; the standard applied in determining the severity; whether Varner's obesity causes her significant functional limitations sitting and standing; and whether Varner's obesity precludes her from performing work found in significant numbers in the regional and national economies. Additionally, on remand, the ALJ should explain his reasons for rejecting the opinions of Varner's treating physicians. It is therefore

**ORDERED** that Cathy P. Varner's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 23] are **GRANTED**. It is further

**ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. # 20] is **NOT ADOPTED**. Further, it is

**ORDERED** that Plaintiff Varner's Motion for Summary Judgment [Doc. # 13] is **GRANTED**. It is further

**ORDERED** that Commissioner of the Social Security Administration Michael J. Astrue's Motion for Summary Judgment [Doc. # 15] is **DENIED**. It is finally

**ORDERED** that the Commissioner's decision is **REVERSED** and the case is **REMANDED** to the Commissioner, pursuant to "sentence four" of the Social Security Act, 42 U.S.C. § 405(g).  It is finally

**ORDERED** that this case is **DISMISSED**.

**SIGNED** at Houston, Texas, this the 12th day of September, 2007.

_____
Nancy F. Atlas
United States District Judge