IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHY P. VARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1541 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Cathy P. Varner's ("Varner") Motion for Attorney Fees and Court Costs, brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Having reviewed the motion, the parties' submissions, the pleadings, and the applicable law, the Court concludes that Plaintiff's application [Doc. # 26] is **GRANTED**..

### I.   Background

As a consequence of filing suit seeking judicial review of the denial of a claim for social security benefits, Plaintiff successfully obtained the remand of the request for social security benefits. *See* Docs. # 24 and # 25. Plaintiff now timely seeks a total award of $10,240.31 for (1) 60.30 hours of work performed by counsel [22.00 hours performed in 2006 at a rate of $159.70 and 38.30 hours performed in 2007

at a rate of $163.68]; (2) costs in the amount of $413.20; and (3) expenses in the amount of $44.77. *See* Docs. # 26 and # 28. Plaintiff's counsel contends that the requested fees reflect legal work reasonably and necessarily expended on Plaintiff's behalf. Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), opposes Varner's application, asserting that the Commissioner's position was "substantially justified." *See* Doc. # 27.

**II.     Analysis**

The EAJA provides for attorney's fees in certain successful cases brought against the United States, including any agency (*e.g.,* the Social Security Administration) or official of the United States. Section 2412(d) of the EAJA states that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 163-64 (1990); *see also Squires-Allman v. Callahan*, 117 F.3d 918, 921 (5th Cir.

1997) (the purpose of the EAJA is to encourage private litigants to seek review of unreasonable government conduct or to vindicate their rights by challenging agency actions they would otherwise comply with to avoid litigation costs); *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988) ("[s]ection 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers"). Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and, as such, are paid out of agency funds.[1] *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).

The EAJA requires the court to award reasonable attorney's fees when the Commissioner's position in the action was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). An award of attorney's fees under 28 U.S.C. § 2412 is to be based upon the prevailing market rate for the kind and quality of the services furnished. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995). The EAJA provides for fees of $125.00 per hour "unless the court determines that an increase in the cost of living" or a "special factor" justifies

---

[1] In contrast, fees under 42 U.S.C. § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits. *See Orner,* 30 F.3d at 1309.

a higher fee. An example of the latter is limited availability of qualified attorneys for the proceedings involved. *See* 28 U.S.C. § 2412(d)(2)(A).[2]

It is Plaintiff's burden to prove either an increase in the cost of living or a special factor. *See Hall*, 50 F.3d at 368; 28 U.S.C. § 2412(d)(2)(A). District courts in Texas routinely allow cost of living adjustments. *See Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *3 & n.6 (E.D. Tex. July 22, 2004) (citations omitted). In determining an EAJA cost of living adjustment, the Fifth Circuit has approved the use of the United States Department of Labor's Consumer Price Index for all Urban Consumers ("CPI-U"). *See Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992); *Bode v. United States*, 919 F.2d 1044, 1052 n.8 (5th Cir. 1990); *see generally Baker*, 839 F.2d at 1082-84 (except in unusual circumstances, if there is a significant increase in the cost of living that would justify an increase in the fee, the increase should be granted even though the ultimate award does not track the cost-of-living index for the geographical area).

Plaintiff requests EAJA fees in the amount of $9,782.34, for 60.30 hours of work [22.00 hours performed in 2006 at a rate of $159.70 and 38.30 hours

---

[2] The presence of novel or time-consuming issues, or the need for an unusual level of legal expertise are *not* special factors that may be used to determine whether the EAJA *rate* should be increased over the statutory cap. *See Pierce v. Underwood*, 487 U.S. 552, 573 (1988).

performed in 2007]. *See* Doc. # 26, Exhs. A and B; *see also* Doc. # 28, at 11-12. Plaintiff submitted her attorney's itemized billing statement and the CPI-U for Dallas-Forth Worth, Texas, area where her counsel practices law. *See* Doc. # 26, at Exh. A. Plaintiff has made an unrebutted showing that she is the prevailing party in the matter.

The Commissioner opposes any fee award in this case, arguing that his position in the litigation was "substantially justified." The Commissioner contends that it was reasonable that he defended his litigation position, as supported by the fact that Magistrate Judge Botley recommended affirmance of the administrative decision denying Plaintiff benefits. Although the Commissioner acknowledges that this Court disagreed with the Magistrate Judge's recommendation, the Commissioner contends that the recommendation constitutes evidence that reasonable people could differ as to the appropriateness of the Commissioner's actions. *See* Doc. # 27, at 2, 4-8.

The Commissioner bears the burden of establishing that the government's position was substantially justified. *See Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986). The Commissioner's position can be justified though it is not ultimately correct; it will be substantially justified if a reasonable person could think it correct—that is, if it has a reasonable basis in law and fact. *See Pierce v.*

5

*Underwood*, 487 U.S. 552, 566 n.2 (1988).  "This standard is not overly stringent, however, and the position of the government will be deemed to be substantially justified 'if there is a "genuine dispute" . . . or "if reasonable people could differ as [to the appropriateness of the contested action]."'"  *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (quoting *Pierce*, 487 U.S. at 565); *accord Medrano v. Barnhart*, 149 F. App'x 323, 324 (5th Cir. 2003).

The Supreme Court has mandated that the mere fact that the government's position was not ultimately sustained does not automatically result in a finding of no substantial justification:

> . . . a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Pierce*, 487 U.S. at 566 n.2; *see also Lennox v. CIR*, 998 F.2d 244, 248 (5th Cir. 1993) ("the ultimate failure of the government's legal position does not necessarily mean that it was not substantially justified").  Moreover, an ALJ's failure to apply the proper legal standard in deciding a Plaintiff's disability claim does not automatically mandate an award of attorney's fees.  *See Baker*, 839 F.2d at 1081. As a general rule, however, the Fifth Circuit has noted:

> . . . if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, the absence

of support for the Secretary's decision in this case is at once an absence of justification for [his] position.

*Id.* (internal citations omitted).

The Commissioner has failed to carry his burden in this case to prove that his position was substantially justified. As set forth in the Court's Memorandum and Order, it is clear the ALJ did not apply the proper standard of severity regarding Plaintiff's claimed obesity. *See* Doc. # 24, at 3-4. Additionally, the ALJ did not make a specific finding at Step 2 of the sequential evaluation process regarding Plaintiff's obesity. *See id.* The Commissioner has identified no evidentiary ambiguities and no novel legal issues. Consequently, the Commissioner has not carried his burden to prove that his litigation position was substantially justified. He also has not demonstrated, or even asserted, that special circumstances exist that would render the award of requested attorney's fees unjust. The award of attorney's fees in this case is warranted.

Turning to the amount of fees, the Court assesses the request for attorney's fees in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3] Plaintiff's counsel has supplied the

---

[3] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly;
(continued...)

Court with detailed billing statements demonstrating the reasonableness of the time expended for specific services rendered. *See* Doc. # 26, Exh. A; Doc. # 28, at 11-12. The Court recognizes the inherent risks undertaken by Plaintiff's counsel in handling this case, her expertise in this area of law, and the results achieved. The Commissioner does contend that the amount of compensation requested is excessive. Taking into consideration all the *Johnson* factors, the Court finds Plaintiff's request for recovery of 60.30 hours of attorney's work in this case is warranted.

Moreover, Plaintiff's counsel seeks an hourly rate of $163.68 for services performed. This rate appears to reflect a partial cost of living increase from the statutory ceiling of $125.00 (effective March 1996) to present day. *See* Docs. # 26 and # 28. The Commissioner does not challenge Plaintiff's request for the cost of living increases or the applicability of such an enhancement in this case. Thus, the Court finds that an increase from the EAJA statutory cap to the requested rate of $159.70 per hour in 2006 and $163.68 per hour in 2007 is warranted.

---

(…continued)
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See* 488 F.2d at 717-19.

### III.     Conclusion

It is, therefore

**ORDERED** that Plaintiff's Motion for Attorney Fees and Court Costs (Doc. # 26) is **GRANTED**.  It is further

**ORDERED** that within sixty (60) days of the entry of this Memorandum and Order, the Commissioner is to pay Elizabeth Bower Dunlap, Esq., counsel for Plaintiff, $10,240.31, as reasonable and necessary attorney's fees, costs, and expenses incurred on behalf of Plaintiff in this matter.

**SIGNED** at Houston, Texas, on this the 24th day of January, 2008.

_____
Nancy F. Atlas
United States District Judge